UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ESSEX,<br><br>                Plaintiff,<br><br>v.<br><br>COSTCO, *et al.*,<br><br>                Defendants. | Civil No. 13-cv-2689-L(BGS)<br><br>**ORDER:**<br><br>**(1) DENYING *IN FORMA PAUPERIS* MOTION [DOC. 2], AND**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE** |

      On November 7, 2013, Plaintiff Jason Essex commenced this action. (Doc. 1.) On November 13, 2013, he filed a motion seeking *in forma pauperis* ("IFP") status. (Doc. 2.) For the reasons outlined below, the Court **DENIES** Plaintiff's IFP motion.

      The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed *in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide

himself and dependents with the necessities of life." *Id.* at 339.  At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family).  Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement).  In addition, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff fails to meet 28 U.S.C. § 1915's requirements for IFP status.  It appears[1] that Plaintiff takes home $1300 a month after "taxes, 401 K, pension, union dues and 6% to to [sic] 401 K."  (*IFP Mot.* at ¶ 2 [Doc. 2].)  Plaintiff also has $2,030 in two separate checking accounts.  (*Id.* at ¶ 4.)  Plaintiff fails to indicate in sufficient detail how he spends the $1300 he brings home every month or how he plans to spend the $2,030 in his checking accounts.  Instead, he provides incomplete responses to the questions regarding his dependents and his debts. (*Id.* at ¶¶ 8–9.)  Consequently, the Court

---

[1] Plaintiff's motion is illegible or nearly so in many places.  The Court has done its best to accurately read the motion.

cannot find that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life.  *Adkins*, 335 U.S. at 339.

Accordingly, the Court **DENIES** Plaintiff's application to proceed *in forma pauperis* (Doc. 2), and **DISMISSES** the complaint **WITHOUT PREJUDICE**.  Pursuant to this order, Plaintiff is granted 60 days' leave to pay the filing fee required to maintain this action pursuant to 28 U.S.C. § 1914, or to submit additional documentation regarding his financial status.  In particular, Plaintiff should include detailed information regarding his financial obligations related to the dependents he lists as well as the debts he lists, including but not limited to his monthly obligations for each of these debts.  Also, Plaintiff should take care to make his future filing legible.  **IF PLAINTIFF CHOOSES TO FILE ADDITIONAL INFORMATION REGARDING HIS POVERTY, HE MUST ATTACH A COPY OF THIS ORDER.**

**IT IS SO ORDERED.**

DATED: December 4, 2013

_____
M. James Lorenz
United States District Court Judge